UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAK MOTORS, INC, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>OAK MOTORS, INC, <br><br>　　　　Defendant. | Case No. 17-mc-80092-EDL <br><br> **ORDER DENYING DEFENDANT'S MOTIONS TO SHORTEN TIME AND CONTINUE OR VACATE THE JUDGEMENT DEBTOR EXAMINATION** |

Before the Court are Defendant's Motion to Shorten Time (Dkt. No. 5) and Motion to Continue or Vacate the Judgment Debtor Examination (Dkt. No. 8) that is scheduled for August 29, 2017. The Court DENIES both motions for the following reasons.

As an initial matter, Defendant's request to shorten the time to hear its Motion to Continue or Vacate the Judgment Debtor Examination is not in compliance with Local Rule 6-1(b), which requires that such a request be filed no later than 14 days before the scheduled event.[1] The Court denies Defendant's Motion to Shorten Time on this basis. Further, the Court also concludes that Defendant has not shown good cause to warrant continuance or vacateur of the judgment debtor examination. Defendant states that it will be prejudiced by "prematurely disclos[ing] sensitive and private information concerning its business and property interests" before the Southern District of Indiana is able to resolve its anticipated challenge to the default judgment. Dkt. No. 8 at 3. Defendant does not, however, explain with any specificity how it will be harmed by such

---

[1] Plaintiff opposes Defendant's Motion to Shorten Time on the ground that Defendant has not complied with Local Rule 7-10, which governs *ex parte* motions, by failing to identify the "statute, Federal Rule, local rule or Standing Order" authorizing Defendant's motion. See Dkt. No. 11. However, because Defendant did provide advance notice to Plaintiff before filing the motion and attempted to obtain a stipulation before doing so, see Dkt. No. 6, Baughman Decl. ¶ 7 & Ex. 2, the motions were not filed *ex parte* and Defendant's non-compliance with Local Rule 7-10 is irrelevant.

1 disclosure.  For instance, Defendant has not represented that Plaintiff is a business competitor who would acquire information to its advantage.  Defendant also contends that there is no prejudice to Plaintiff as a result of granting its motion to continue or vacate the judgment debtor examination because Plaintiff has represented that it already has a lien on Defendants' personal property pursuant to California Code of Civil Procedure Sec. 708.110.  Id.  Plaintiff may, however, be substantially prejudiced by the delay that would result from continuing or vacating the judgment debtor examination, which may reveal other assets.

Therefore, the Court DENIES both motions.  The judgment debtor examination of Defendant shall proceed as scheduled on August 29, 2017.

**IT IS SO ORDERED.**

Dated:  August 28, 2017

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
Northern District of California

2